**Electronically Filed
Intermediate Court of Appeals
29128
20-JAN-2012
08:13 AM**

NO. 29128

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LORRIE-ANN YOON CHIN WONG, Plaintiff-Appellee,
v.
CHRISTOPHER DAVID DEY, Defendant-Appellant.


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DIVORCE NO. 02-1-3163)


MEMORANDUM OPINION
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Christopher David Dey (Dey) appeals from the March 19, 2008 order of the Family Court of the First Circuit (Family Court) regarding the Motion and Affidavit for Post-Decree Relief filed by Plaintiff-Appellee Lorrie-Ann Yoon Chin Wong (Wong) and the April 17, 2008 order of the Family Court denying his Motion for Reconsideration.[1]

On appeal, Dey contends that the Family Court erred when it: (1) "found that no exceptional circumstances existed permitting deviation under the [Child Support Guidelines], despite an unusually high income that resulted in a computation greater than the reasonable needs of the child based on the applicable standard of living, and other expenses not included in

---

[1] The Honorable Kenneth E. Enright presided.

the support obligation"; and (2) "failed to make the necessary findings regarding [Wong]'s actual or hypothetical child support expenses, and [Wong] failed to introduce sufficient evidence of either of these crucial findings." Dey challenges twenty-six findings of fact and eleven conclusions of law by the Family Court.

As explained below, we vacate part of the March 19, 2008 and April 17, 2008 orders and remand for further proceedings consistent with this opinion.[2]

I.   Case Background

Dey and Wong were divorced pursuant to a divorce decree (decree) filed on May 14, 2003. Under the terms of the decree, if the parties live in the same geographical area, physical custody of the couple's son (Child) was to be shared. Dey was ordered to pay Wong $300 per month in child support for Child and in separate provisions under the decree, was ordered to pay other expenses, including (1) preschool, private school and education-related expenses; (2) medical, dental, drug and vision insurance and other health care costs; and (3) all travel costs for Dey's visitation with Child (hereinafter, "Other Payments").

Subsequently, Dey remarried, obtained a new job with a significant increase in income, relocated, and fathered two more minor children. As a result of Dey's relocation, Wong was awarded sole physical custody of Child, pursuant to the terms of the decree.

On October 19, 2007, Wong filed a Motion and Affidavit for Post-Decree Relief seeking modification of child support. Asserting a material change of circumstances due to Dey's increased income, Wong requested that child support be modified

_____

[2]   This Court did not rely on assertions by Wong related to matters not included in the record on appeal. Any contentions made in the briefs regarding settlement discussions since the filing of this appeal were not considered.

2

to $4,220 per month, the amount computed under the 2004 Child Support Guidelines (Guidelines).[3]  In response, Dey acknowledged that he had increased income, but argued for two exceptional circumstances permitting deviation from the Guidelines.  First, he argued that the Other Payments justified a downward-deviation from the Guidelines' computation.  Second, he argued that the Guidelines' computation exceeded the reasonable needs of the Child, based on the appropriate standard of living.

After hearings on January 2 and 31, 2008, the Family Court granted Wong's motion.  Finding that no exceptional circumstances existed to deviate from the Guidelines, the Family Court ordered Dey to pay child support in the amount of $4,220 per month and ordered Dey to also continue making the Other Payments.  On March 31, 2008, Dey moved for reconsideration, which the Family Court denied.

## II.  No Exceptional Circumstances For Support Exceeding the Needs of Child

The Family Court did not err in rejecting Dey's argument that the Guidelines' computation exceeded the reasonable needs of Child warranting a downward departure from the Guidelines.

In reviewing the Family Court's order modifying Dey's child support obligation, we apply the following standards of review:

> Findings of fact are reviewed under the clearly erroneous standard. *Child Support Enforcement Agency v. Carlin*, 96 Hawai'i 373, 378-79, 31 P.3d 230, 235-36 (App. 2001).  A finding of fact is clearly erroneous if: (1) the record lacks substantial evidence to support the finding; or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with the definite and firm conviction that a mistake has been made.  *Id.*

---

[3]  These Guidelines are established by the Family Court, pursuant to HRS § 576D-7 (2006 Repl.).

3

> We review the trial court's [conclusions of law]
> de novo under the right/wrong standard. *Raines
> v. State*, 79 Hawai'i 219, 222, 900 P.2d 1286,
> 1289 (1995). "Under this . . . standard, we
> examine the facts and answer the question
> without being required to give any weight to the
> trial court's answer to it." *State v. Miller*,
> 4 Haw. App. 603, 606, 671 P.2d 1037, 1040
> (1983). *See also Amfac, Inc. v. Waikiki
> Beachcomber Inv. Co.*, 74 Haw. 85, 119, 839 P.2d
> 10, 28, reconsideration denied, 74 Haw. 650, 843
> P.2d 144 (1992). Thus, a [conclusion of law]
> "is not binding upon the appellate court and is
> freely reviewable for its correctness." *State
> v. Bowe*, 77 Hawai'i 51, 53, 881 P.2d 538, 540
> (1994) (citation omitted).

> *Chun v. Board of Trustees of Employees' Retirement Sys.*, 92
> Hawai'i 432, 438-39, 992 P.2d 127, 133-34 (2000). A conclusion of
> law which is supported by the trial court's findings of fact which
> reflects an application of the correct rule of law will not be
> overturned. *Nani Koolau Company v. K & M Construction Inc.*,
> 5 Haw. App. 137, 141, 681 P.2d 580, 585 (1984).

<u>Matsunaga v. Matsunaga</u>, 99 Hawai'i 157, 161-62, 53 P.3d 296, 300-01 (App. 2002).

Hawaii Revised Statutes (HRS) § 571-52.5 (2006 Repl.) provides: "When the court establishes or modifies the amount of child support required to be paid by a parent, the court shall use the guidelines established under section 576D-7, except when exceptional circumstances warrant departure." "The question [of] whether the circumstances constitute 'exceptional circumstances' is a question of law." <u>Ching v. Ching</u>, 7 Haw. App. 221, 224, 751 P.2d 93, 96 (1988). According to the Guidelines, an exceptional circumstance includes circumstances "[w]here the amount of child support as calculated by the [Guidelines] for the subject child(ren) exceeds the reasonable needs of the child(ren) based on the child(ren)'s appropriate standard of living, which will be determined on a case-by-case basis[.]" As the party arguing for this exceptional circumstance to apply, Dey had the burden to prove that the Guidelines' computation exceeded the Child's reasonable needs at the appropriate standard of living and to

prove the amount of that excess. See Matsunaga, 99 Hawai'i at 167, 53 P.3d at 306. Dey did not meet his burden.

In evaluating this alleged exceptional circumstance, the following relevant considerations apply in determining the Child's appropriate standard of living: "(a) the parents' prior financial situation; (b) the custodial parent's current financial situation; and (c) the noncustodial parent's current financial situation[.]" Richardson v. Richardson, 8 Haw. App. 446, 458, 808 P.2d 1279, 1287 (1991). Here, the Family Court gave proper consideration to the above factors in determining the Child's appropriate standard of living. The Family Court also gave proper consideration toward ensuring "at a minimum, that the child for whom support is sought benefits from the income and resources of the obligor parent on an equitable basis in comparison with any other minor child of the obligor parent[.]" HRS § 576D-7(b)(3). To this end, the Family Court noted the standard of living of Dey's two other minor children, as testified to by Dey, and properly aimed to ensure that at a minimum, Child benefits from Dey's wealth on an equitable basis with Dey's other minor children.

III. Findings of Fact

On appeal, Dey challenges numerous findings of fact, asserting that:

First, the court failed to make the necessary findings that [Wong] tendered sufficient and credible evidence of actual or hypothetical reasonable needs of [Child] in this case.

Second, the court erred when it ruled that hypothetical expenses cannot be determined until after the moving party obtains and spends the higher monthly payments.

Third, the court erred when it struck [Wong]'s table of actual and hypothetical expenses but then proceeded to use it to find that "the hypothetical expenses represent Mother's best estimate as to how she could use the increase in [Child]'s child support."

> Fourth, [Wong] failed to introduce any credible evidence of either actual or hypothetical reasonable needs of [Child] in this case.
>
> Fifth, the court makes numerous findings not supported by the evidence, including [Child]'s expenses for taxes, security deposits, rent increases, and inflation, the location and nature of [Dey's] in-laws' real estate, [Dey's] expenses, and expenses incurred by [Dey] on behalf of his other children.

These points rely on the faulty assumption that it was Wong's burden to establish Child's reasonable needs at the appropriate standard of living. As the party seeking to establish the exceptional circumstance that the support exceeded Child's reasonable needs, it was Dey's burden to prove the exceptional circumstances. Dey's arguments challenging the Family Court's findings related to Child's reasonable needs are thus misplaced.[4]

IV.   Exceptional Circumstances Regarding Other Payments for Child

The Family Court ordered that, in addition to paying the $4,220 as calculated under the Guidelines, Dey must also continue paying the Other Payments that he had previously agreed to pay that are set forth in the decree. Dey contends that because he is obligated under the decree to pay the Other Payments for Child, those Other Payments constitute exceptional circumstances allowing for a credit in his favor from the $4,220 child support computation.

The Guidelines provide that an exceptional circumstance includes: "Payments made by the obligor to or for the benefit of the subject child(ren), or the subject child(ren)'s other parent, where they are obligated to be made by law, including payment for extraordinary medical needs[.]" (Emphasis added). Here, the Family Court concluded however that:

---

    [4]   To the extent Dey challenges findings unrelated to the reasonable needs of Child, he failed to argue those points and they are thus deemed waived. Hawai'i Rules of Appellate Procedure Rule 28(b)(7).

> Father should not be given a credit for private school
> tuition, since he agreed to pay for [Child]'s private school
> expenses in the parties' original Uncontested Decree filed
> May 14, 2003. Father's standard of living will not be
> diminished if he does not get a credit, while [Child]'s
> surely will, if father does get a credit.

Moreover, the Family Court concluded that "Father's payments for [Child]'s private school tuition, health care costs, and travel expenses associated with visitation, were based on the terms of the parties' Uncontested Divorce Decree filed May 14, 2003 which did not indicate that such payments would constitute a cap on future child support."

We agree with Dey that the Family Court applied an incorrect legal standard in determining whether Dey was entitled to a credit for the Other Payments as exceptional circumstances. As an initial matter, notwithstanding that the Other Payments were part of an agreement by the parties, they were incorporated into the decree issued by the Family Court. Therefore, they constituted payments that Dey was obligated to make by law, subject to further order of the Family Court. See Matsunaga, 99 Hawai'i at 163-64, 53 P.3d at 302-03. In our view, however, this does not end the inquiry whether the Other Payments are exceptional circumstances warranting a credit for Dey. Rather, each category of the Other Payments should be considered separately.

A.   Private School Expenses

With respect to private school expenses (PEX), the Guidelines further provide that:

> The private education expenses of the subject child(ren) are
> considered as an expense to be paid from the SOLA[5] portion
> of child support, and they are not an exceptional
> circumstance justifying greater-than-Guidelines child

---

[5]   According to the Guidelines, SOLA stands for "standard of living allowance," which is included in a child support award "[w]hen income is sufficient to cover the basic needs of the parents and the child(ren), the child(ren) shall share in the parents' additional income so that the child(ren) can benefit from the parent's higher standard of living."

> support, unless such expenses are so extraordinary that SOLA cannot adequately cover them, or if the child has been in private school with the agreement of the parties prior to separation.

This Court has interpreted this provision to mean that:

> (1) when with the agreement of the parties the child has not been in private school since prior to separation, then PCS and SOLA include PEX unless and to the extent such expenses are so extraordinary that PCS and SOLA cannot adequately cover the child's living expenses including PEX; or (2) when with the agreement of the parties the child has been in private school since prior to separation, then PCS and SOLA do not include PEX and PEX is a separate item.

Mark v. Mark, 9 Haw. App. 184, 196, 828 P.2d 1291, 1298 (1992). The record in this case indicates that Child was not enrolled in private school at the time the decree was entered. Therefore, under the norms of the Guidelines, PEX was to be paid from "the SOLA portion of child support" and was not a separate item. In other words, in this case, the norms under the Guidelines provide that PEX be paid from the $4,220.

"[T]he party seeking an order requiring the non-custodial parent to pay more or less than the [Guidelines'] norm for the total of the child's living expenses including PEX has the burden of proving exceptional circumstances." Id. Accordingly, it was Wong's burden to prove that the PEX are so extraordinary that the standard of living allowance included in her child support award cannot adequately cover it. There is no indication in the record that Wong was held to this burden by the Family Court on this issue. Therefore, remand is appropriate to first determine whether Wong can meet her burden to prove PEX as an exceptional circumstance. If Wong meets her burden to show there is an exceptional circumstance as to PEX, the Family Court will then need to determine: whether Wong should receive more than the Guidelines indicate; and, if so, how much more. See Mack v. Mack, 7 Haw. App. 171, 180, 749 P.2d 478, 483 (1988).

B.    Health Care Costs

Under the Guidelines' norms, an award of child support includes the cost of medical and dental insurance.  In this case, additionally, the decree requires that: "[Dey] shall maintain medical, dental, drug, and vision insurance coverage for [Child].  Any uninsured and extraordinary health care expenses for [Child], including orthodontic expenses, shall also be paid by [Dey]."  Further, this provision "shall be subject to further order of the Court."

Because Dey is obligated by the decree to pay the health insurance and other expenses set forth above, these payments constitute exceptional circumstances to the extent they exceed the medical and dental insurance that are part of the standard calculation under the Guidelines.

Therefore, there being exceptional circumstances regarding Dey's obligation to pay health care expenses under the decree, on remand the Family Court should determine: whether Dey should pay less than the Guidelines indicate; and, if so, how much less.  Mack, 7 Haw. App. at 180, 749 P.2d at 483.  If the Family Court determines that Dey should get a credit in this regard, such credit should not include payments for medical and dental insurance provided as part of the standard child support calculation under the Guidelines.

C.    Travel Expenses For Visitation

With regard to the travel expenses for Child's visitation with Dey, the Family Court did not err in refusing to credit Dey for his payment of such expenses.  The Guidelines explicitly provide that "[t]he need to pay transportation expenses relating to visitation is not an exceptional circumstance."  See also Tomas v. Tomas, 7 Haw. App. 345, 350, 764 P.2d 1250, 1254 (1988) (a father's obligation pursuant to the divorce decree to pay one-half of children's visitation

9

transportation expenses was not an exceptional circumstance warranting departure from Guidelines).  Thus, notwithstanding that Dey is obligated under the decree to pay for the travel visitation expenses, they are not exceptional circumstances that would allow a credit to him.

V.    Conclusion

Based on the discussion above, the orders filed on March 19, 2008 and April 17, 2008 in the Family Court of the First Circuit are vacated with respect to: (a) whether there are exceptional circumstances regarding PEX, whether Wong should receive more for PEX and, if so, how much; and (b) whether Dey should get a credit for the health care expenses he is obligated to pay under the decree and, if so, how much.  The case is remanded to the Family Court for further proceedings on these issues consistent with this opinion.  In all other respects, the orders filed on March 19, 2008 and April 17, 2008 are affirmed.

DATED:  Honolulu, Hawai'i, January 20, 2012.

On the briefs:

Peter Van Name Esser
P. Gregory Frey
 (Coates & Frey)
for Defendant-Appellant

Geoffrey Hamilton
Jennifer L.C. Chan
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

10